**In re Gerald USATCH and Janet Usatch, Debtors.**

**EL GEE LIGHTING, INC., and Miles and Lois Friedman, Plaintiffs,**

v.

**Janet USATCH, Defendant.**

**Bankruptcy No. 92–24919–SMW. Adv. No. 93–0133–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

April 10, 1993.

## MEMORANDUM ON MOTION OF PLAINTIFF FOR ISSUANCE OF ALIAS SUMMONS

CHARLES J. MARRO, Bankruptcy Judge, Sitting by Special Designation.

The Court has before it the Motion of the Plaintiff for issuance of an alias summons and the Motion of the Debtor, Janet Usatch, to dismiss this adversary proceeding made ore tenus at the trial date on March 19, 1993.

The records in this case indicate that this adversary proceeding was instituted by the Plaintiff and a Summons was issued by the Court on February 11, 1993. Service of the Summons was made by private process server on the Defendant only on March 13, 1993 at 9:45 A.M. at the home address of the Debtor–Defendant which is the same address used by her for several years. Such service was made just three days prior to the trial date as set by the Court.

There was no service made on Defendant's counsel and she was unable to obtain a copy of the Adversary Complaint until March 15, 1993 just one day prior to the scheduled trial. It was continued to March 19, 1993.

Rule 7004 of the Federal Rules of Bankruptcy Procedure made Rule 4(a), (b), (c)(2)(C)(i), (d), (e) and (g)–(j) F.R.Civ.P. applicable in adversary proceedings.

The Plaintiff had service made on the Defendant, Janet Usatch, pursuant to Rule 4(d) of F.R.Civ.P. but this was not accomplished until March 13, 1993 which was considerably more than 10 days after issuance of the summons. Such service was not timely and was in violation of Rule 7004(f) of the Federal Rules of Bankruptcy Procedure which provides:

"(f) Summons: Time Limit For Service. If service is made pursuant to Rule 4(d)(1)–(6) FR Civ.P it shall be made by delivery of the summons and complaint <u>within 10 days following the issuance of the summons</u>....."

Underscoring supplied.

In addition the Plaintiff was in violation of Rule 7005(b) of the Federal Rules of Bankruptcy Procedure which requires that whenever under the rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party is ordered by the court. Such service was not made and it was not until March 15, 1993 that the Defendant provided her attorney with a copy of the complaint and this was just one day prior to the scheduled trial. The failure of timely service by the Plaintiff upon the defendant's attorney frustrated the latter's efforts to interpose whatever defense was available to the defendant.

The Court does not condone the failure of the plaintiff's attorney to comply with the rules with reference to service both as to the defendant and her attorney. Such failure puts an additional onus on the defendant both as to time and expense in defending this adversary proceeding. However, Rule 7004(f) upon which the plaintiff relies for an alias summons mandates the issuance of such a summons without equivocation or exception. It recites in haec verba:

"If a summons is not delivered, another summons *shall* be issued and served."

Underscoring supplied.

This leaves the Court without any discretion and does not even permit it to invoke sanctions which, if possible, would relieve

the Debtor of the added expense incurred by her in defending this adversary proceeding while at the same time she is attempting to rehabilitate herself from the burden of debt.

A separate Order is being entered in accordance with this Memorandum.